IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


CHAD S. GONDOLFI                                          PETITIONER


vs.                    Civil Case No. 5:07CV00244 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the
following:

1. Why the record made before the Magistrate Judge
   is inadequate.

2. Why the evidence proffered at the hearing before
   the District Judge (if such a  hearing is
   granted)  was not offered at the hearing before
   the Magistrate Judge.

3. The detail of any testimony desired to be
   introduced at the hearing before the District
   Judge in the form of an offer of proof, and a
   copy, or the original, of any documentary or
   other non-testimonial evidence desired to be
   introduced at the hearing before the District
   Judge.

From this submission, the District Judge will determine the
necessity for an additional evidentiary hearing, either before
the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is Respondent's Motion to Dismiss this
petition for a writ of habeas corpus under 28 U.S.C. § 2254 by
Chad S. Gondolfi, an inmate of the Arkansas Department of
Correction.  Petitioner was convicted on May 6, 2003, of one
count of delivery of methamphetamine, and he was sentenced as an
habitual offender to 100 years imprisonment.  The Arkansas Court
of Appeals affirmed his conviction on March 9, 2005 (Respondent's

Exhibit C).  His petition for rehearing was denied (Respondent's Exhibit D), and the Arkansas Supreme Court denied review on April 28, 2005 (Respondent's Exhibit E).  Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit F) on June 23, 2005, which the trial court denied on October 10, 2005 (Respondent's Exhibit G).  He filed a motion for reconsideration (Respondent's Exhibit H, Addendum at 32-33), and the trial court filed an amended order denying relief on December 19, 2005 (Respondent's Exhibit H, Addendum at 36-38).  He appealed to the Arkansas Supreme Court (Respondent's Exhibit H), which affirmed the trial court's order on September 28, 2006 (Respondent's Exhibit I).

In the present proceedings, Petitioner raises the following grounds for relief:

1.  He was sentenced beyond the statutory limit for unclassified felonies in Arkansas in violation of his right to due process;

2.  He was denied due process and equal protection when the methamphetamine he allegedly sold was introduced into evidence in violation of Rule 901 of the Arkansas Rules of Evidence, which requires authentication and identification;

3.  Counsel was ineffective for failing to comply with state discovery rules, to seek a continuance and to object to the exclusion of a defense witness on the ground that he had a right to present a defense and;

4.  Arkansas' rule compelling the defense to disclose witnesses without a reciprocal requirement that the State disclose its rebuttal witnesses violates his right to due process, and counsel was ineffective for failing to object on this basis and

5.   The trial court violated his right to due process
when it failed to recognize that delivery of a
counterfeit substance is a lesser included offense of
delivery of a controlled substance and

6.   The trial court violated his right to due process
when it denied his request for a jury instruction on
delivery of a counterfeit substance.

For purposes of his response, Respondent admits Petitioner
is currently in his custody pursuant to his conviction and has no
non-futile state remedies available to him.  Because the court
finds all of Petitioner's claims are procedurally barred, except
ground three, the court will address ground three first.  Dretke
v. Haley, 541 U.S. 386, 393-94 (2004)(finding "a federal court
faced with allegations of actual innocence, whether of the
sentence or of the crime charged, must first address all
nondefaulted claims for comparable relief and other grounds for
cause to excuse the procedural default").

I.

Petitioner's argument in ground three is that counsel was
ineffective for failing to comply with Arkansas' rule of
discovery requiring disclosure of witnesses to the prosecution,
failing to object to the exclusion of 2 defense witnesses on the
ground that he had a right to present a defense and failing to
seek a continuance when the witnesses were excluded.  Respondent
contends most of Petitioner's argument consists of verbatim
excerpts from his direct appeal brief and is not an ineffective

4

assistance of counsel claim, but is actually the substantive claim that the trial court's ruling excluding defense witnesses deprived him of his right to present a defense, which the Arkansas Court of Appeals found had not been preserved for review (Respondent's Exhibit C at 9).  Respondent argues this court should find the claim is procedurally barred.

The court does not agree.  Although Petitioner does include a discussion of his claim on appeal that the exclusion of the witnesses violated his right to present a defense, the court views this a part of his prejudice argument.  He specifically states in this portion of his petition that he is alleging ineffective assistance of counsel.  <u>Pro</u> <u>se</u> petitions are construed liberally and his failure to cite specifically to <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984), is not fatal.

Petitioner raised these issues in his Rule 37 petition (Respondent's Exhibit F at 2-4), but the circuit court found he was not prejudiced by the absence of the witnesses (Respondent's Exhibit G at 2).  He also raised the issues in his Rule 37 appeal (Respondent's Exhibit H, Argument at 1-5).  The Arkansas Supreme Court found as follows:

> Here, appellant had been charged with two counts of delivery of methamphetamine, one on October 15, 2001, and one on October 19, 2001. At trial, the State presented testimony of two police officers and a confidential informant that appellant had come to the informant's apartment while the two officers were present on each occasion. The testimony was that, on

the first date, the informant had walked into her
bathroom following the appellant. The informant then
walked out and gave an officer the drugs, and returned
to the appellant, handing him money that the officer
had handed her for the drugs. Although the informant
testified that she had received the drugs from
appellant, the police officers had not observed the
appellant hand the drugs to her, and they had not
searched the informant to confirm that she had no drugs
on her person before she approached appellant.

On the second date, one of the police officers
testified that he saw appellant hand the drugs to the
informant, that he handed money for the drugs to the
informant and saw her hand the money to appellant. The
jury acquitted appellant of the delivery count on
October 15, 2001, but found him guilty for the count on
October 19, 2001. The trial court found that there was
no prejudice shown because the jury acquitted appellant
on the only charge based solely on her testimony.

We cannot find the trial court was clearly erroneous
for concluding appellant had not met his burden to show
prejudice. It is apparent that the jury did not find
the informant's testimony was credible under the
circumstances presented. Because the jury obviously did
not find the informant credible on the evidence that
was presented, we cannot say that appellant presented
any showing as to how he was prejudiced by trial
counsel's failure to present further witnesses to
impeach the informant's credibility. Although appellant
asserts that the jury might somehow have concluded the
police officer was not credible if enough witnesses
were presented to impeach the informant, he provided no
factual basis, or even any logical reasoning, to
support that assertion, either in his petition or on
appeal. Conclusory statements cannot be the basis of
postconviction relief. Jackson v. State, 352 Ark. 359,
105 S.W.3d 352 (2003). There was no showing of
prejudice from trial counsel's alleged error so as to
undermine confidence in the outcome of the trial.

Respondent's Exhibit I at 3-4.

Although Respondent did not address the issue, federal

habeas relief may not be granted on any claim addressed on the

merits by a state court, unless the petitioner can establish the

state court's adjudication "was contrary to, or involved an
unreasonable application of, clearly established Federal law ...
or resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2);
<u>Williams v. Taylor</u>, 529 U.S. 362, 389 (2000). Here, the state
court correctly cited to <u>Strickland v. Washington</u>, 466 U.S. at
687-88, and its two-pronged standard that requires a petitioner
to establish both that counsel's performance was deficient and
the deficient performance prejudiced the defense.  The question
then becomes, under <u>Williams</u>, whether the Arkansas Supreme Court
unreasonably applied that standard to the facts in this case.

> "[A]n unreasonable application of [the Supreme Court's]
> precedent" occurs "if the state court identifies the
> correct governing legal rule from [the Supreme Court's]
> cases but unreasonably applies it to the facts."
> <u>Williams v. Taylor</u>, 529 U.S. 362, 407, 120 S.Ct. 1495,
> 146 L.Ed.2d 389 (2000) (O'Connor, J.).  To be
> unreasonable, the state court's application of Supreme
> Court precedent "must have been more than incorrect or
> erroneous." <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21, 123
> S.Ct. 2527, 156 L.Ed.2d 471 (2003). Rather, the
> application "must have been objectively unreasonable."
> <u>Id.</u> (internal quotation omitted).

<u>Garcia v. Mathes</u>  474 F.3d 1014, 1017 (8th Cir. 2007).

Based on the record in this case, I do not find the Arkansas
Supreme Court's resolution of the issue was objectively
unreasonable.  Petitioner is not entitled to relief on ground
three.

II.

Ground one is Petitioner's claim that his sentence exceeds the statutory limit for unclassified felonies under Arkansas law. He is not entitled to relief on this ground, because

> it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States

Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Although Petitioner only asserted state law as a basis for this claim in his petition, near the end of the section devoted to this issue in his reply, he asserts the sentence violates the Eighth Amendment (Reply, p. 8). Respondent argues any federal constitutional claim raised here in support of ground one is procedurally barred, because Petitioner did not properly raise such a claim in state court. I find that, even if the court were to construe the Reply as an amended petition properly asserting an Eighth Amendment challenge to the sentence, Petitioner has procedurally defaulted that claim because he did not raise it properly in state court.

Ordinarily, a federal habeas court may consider only those claims fairly presented and raised in state court in accordance with state procedural rules. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). In order to fairly present a claim in state court, a petitioner must

'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.'

Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir.), cert. denied, 528 U.S. 846 (1999).

Petitioner did not challenge his sentence on direct appeal (Respondent's Exhibit B).  He asserted in his Rule 37 petition that the sentence is illegal under state law, that it violates the Eighth Amendment and that counsel was ineffective for failing to object to the sentence on those grounds (Respondent's Exhibit F at 5-7).  In its order denying the Rule 37 petition, the state circuit court found Petitioner was properly sentenced under state law, and therefore counsel was not ineffective (Respondent's Exhibit H, Addendum at 38).  The court did not address the Eighth Amendment question.

Petitioner challenged the sentence in his Rule 37 appeal, but only on the basis of state law and ineffective assistance of counsel for not making the correct state law argument (Respondent's Exhibit H, Argument at 5-9).  The Arkansas Supreme Court found the sentence was valid under state law and therefore counsel was not ineffective (Respondent's Exhibit I at 4-6).

Petitioner's failure to pursue his Eighth Amendment claim through his post-conviction appeal amounts to a procedural

default.   See Williamson v. Jones, 936 F.2d 1000, 1006 (8th Cir.1991) ("petitioner's failure to pursue his or her claim in a state post-conviction appeal results in a procedural bar to federal habeas corpus relief"), cert. denied, 502 U.S. 1043 (1992).  He submits as cause in his reply that his attorney on direct appeal and his Rule 37 attorney were ineffective (Petitioner's Reply, p. 7).   Ineffective assistance of trial counsel or counsel on direct appeal may constitute cause for a procedural default, Murray v. Carrier, 477 U.S. 478, 488 (1986), if a petitioner raised that specific claim in state court, or if he can establish sufficient cause for not raising it.   Edwards v. Carpenter, 529 U.S. 446, 452-53 (2000).   However, ineffective assistance of post-conviction counsel may not serve as cause for a default, since defendants are not entitled to the effective assistance of counsel at that stage of criminal proceedings. Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Sweet v. Delo, 125 F.3d 1144 (8th Cir. 1997), cert. denied, Sweet v. Bowersox, 523 U.S. 1010 (1998).   Petitioner has asserted no other reason for his failure to raise his Eighth Amendment challenge to his sentence properly during his post-conviction proceeding, and I find he has not established sufficient cause for the default.

Petitioner also asserts appellate counsel was ineffective for not raising his Eighth Amendment claim on direct appeal.   It is not clear from the pleadings whether counsel could have challenged Petitioner's sentence on direct appeal, or whether

10

Rule 37 was the only state remedy available.  Even if Petitioner could have raised the Eighth Amendment challenge on direct appeal, this specific claim of ineffective assistance of appellate counsel may not excuse the default, because he did not raise it in his Rule 37 appeal, and he has not asserted sufficient cause for this default, as required by <u>Edwards v. Carpenter</u>, 529 U.S. at 453.

It is not clear in Petitioner's reply whether he is also asserting that ineffective assistance of trial counsel caused the default of the Eighth Amendment claim at the time of sentencing. It is also not clear from the pleadings or the record whether counsel challenged the sentence at all at the time of sentencing. The abstracts of testimony in Petitioner's brief on direct appeal and in his Rule 37 appeal brief do not contain any argument regarding his sentence.  Even if the Eighth Amendment argument was defaulted at the time of sentencing, ineffective assistance of trial counsel may not excuse the default, because Petitioner did not pursue this issue in his Rule 37 appeal, and he has not offered any explanation for this default.  <u>Id.</u>  Thus, I find Petitioner has failed to establish sufficient cause for his default of his Eighth Amendment claim in state court, and the challenge to his sentence on this basis in ground one is procedurally barred.

III.

In ground two, Petitioner contends he was denied due process and equal protection when evidence was introduced in violation of Rule 901 of the Arkansas Rules of Evidence.  He argues the methamphetamine that was allegedly taken from him and his co-defendant should not have been allowed into evidence at trial, because it was not authenticated or identified as required by Rule 901, in light of the conflicting testimony concerning the description of three packets of drugs and the identification of the packets at trial.  He alleges that, on October 19, 2001, undercover officers bought two packets of the drugs from two separate suspects at the same time, and the officers co-mingled the evidence, placed it in the same package and gave it only one case number.  Only one of the packages was sent to the state crime lab for testing, but both packages were introduced at his trial as methamphetamine.  He further alleges the undercover officer, a confidential informant and the state crime lab chemist each gave different descriptions of the substances allegedly sold by him to the undercover officer.

The issue was raised as ground five in Petitioner's direct appeal brief, but Petitioner's argument there was based only on state law (Respondent's Exhibit B, Argument at 21-29). Respondent contends this issue should be dismissed because Petitioner's argument here does not rely on federal authority,

and any constitutional based argument is procedurally barred because he did not assert such a claim on direct appeal.

I find Petitioner's argument in ground two that is based solely on Rule 901 of the Arkansas Rules of Evidence and Arkansas case law does not entitle him to relief. Estelle v. McGuire, 502 U.S. at 68. Petitioner has offered no explanation as to why he did not raise the federal constitutional aspect of this claim in his direct appeal, and I find ground two is procedurally barred. Abdullah v. Groose, 75 F.3d at 411.

IV.

Petitioner argues in ground four that Arkansas' rule compelling the defense to disclose witnesses without a reciprocal requirement that the State disclose its rebuttal witnesses violates his right to due process, and counsel was ineffective for failing to object on this basis. Petitioner raised this specific issue in his direct appeal, (Respondent's Exhibit B, Argument at 3-6), but the Arkansas Court of Appeals found he had not preserved it for review and refused to address it (Respondent's Exhibit C at 9). Where a state court's decision not to review a question of federal law rests on an independent and adequate state procedural ground, the issue is procedurally defaulted and the petitioner must establish cause for the default and resulting prejudice. Coleman v. Thompson, 501 U.S. 722, 729-31, 749-50 (1991).

13

Petitioner asserts counsel was ineffective for failing to raise the issue at trial.  This specific assertion was not a part of his ineffective assistance of counsel claim in his Rule 37 proceeding, however, and therefore, as discussed above, it may not serve as cause to excuse his default, unless he establishes sufficient cause for not raising this claim in his Rule 37 petition.  <u>Edwards v. Carpenter</u>, 529 U.S. at 452-53.  Petitioner offers no explanation for his failure to raise this specific ineffective assistance of counsel claim in state court, and I find it may not excuse his procedural default.  He has suggested no other cause for his default of ground four, and I find that claim is procedurally barred.

V.

The court will address grounds five and six together because they are related.  In ground five, Petitioner argues the trial court violated his right to due process when it failed to recognize that delivery of a counterfeit substance is a lesser included, or lesser related, offense of delivery of a controlled substance.  In ground six, he argues the trial court violated his right to due process when it denied his request for a jury instruction on delivery of a counterfeit substance.  On direct appeal, Petitioner asserted the trial court "committed reversible error in refusing to give an instruction on delivery of a counterfeit substance (Respondent's Exhibit H, Argument at 31-

14

35).  Within his argument he contended delivery of a counterfeit substance was a lesser included, or lesser related, offense of delivery of a controlled substance.   The Arkansas Court of Appeals made the following findings:

> Felisia Brown, a chemist at the Arkansas State Crime Lab, testified that the substances submitted by the Bentonville Police Department were methamphetamine, and she produced a submission form that had accompanied the substances.  The submission form in the chemist's possession had Perez's signature on it, and appellant objected on the basis that his copy did not have a signature on it.
>
> * * *
>
> Assuming, without conceding, that delivery of a counterfeit substance is a lesser-included offense of delivery of a controlled substance, there was no rational basis for giving the instruction. Even though appellant was able to undermine Biesoit's identification of the substance, the test results testified to by Brown were conclusive evidence that the substance in question was not counterfeit and was, in fact, methamphetamine.

Respondent's Exhibit C at 5, 16.

Respondent argues the federal constitutional aspect of Petitioner's claim is procedurally barred because he did not assert it in state court.   Petitioner did not respond to this argument in his reply.  The court finds Petitioner did not assert his due process argument in state court and he has offered no explanation for the default.   The court notes Petitioner did not assert in his Rule 37 proceeding that counsel was ineffective in not raising the constitutional aspect of these claims.  Therefore I find grounds five and six are procedurally barred.

15

VI.

Petitioner has asserted at various points in his pleadings that he is actually innocent, which is not a substantive basis for relief in noncapital habeas corpus proceedings, "but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). In order to be entitled to this gateway exception, however, a petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," which shows a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

The United States Supreme Court has not yet decided the question of whether a defendant may be "actually innocent" of a non-capital sentence. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004)(finding that the lower court should have addressed all nondefaulted claims before addressing the actual innocence question). The Eighth Circuit, however, has held that the actual innocence exception does not apply to noncapital sentences. U.S. v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001), citing Embrey v. Hershberger, 131 F.3d 739, 740-41 (8th Cir. 1997)(en banc), cert. denied, 525 U.S. 828 (1998). There is no need to decide the issue in this case, because Petitioner has not asserted any new

16

reliable evidence that was not available at trial that would establish his actual innocence under <u>Schlup</u>, either of his conviction or his sentence.  A "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default," and a petitioner is not "entitled to a hearing to assist him in developing evidence of actual innocence."  <u>Sweet v. Delo</u>, 125 F.3d 1144, 1152 (8th Cir. 1997) (quoting <u>Weeks v. Bowersox</u>, 119 F.3d 1342, 1352-55 (8th Cir.1997) (en banc)), <u>cert</u>. <u>denied</u> 523 U.S. 1010 (1998).  Thus, I find Petitioner is not entitled to the gateway exception and the court may not address his procedurally barred grounds.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (DE #'s 8 & 9) be, and it is hereby, granted.  This petition is dismissed with prejudice and the relief prayed for is denied. Petitioner's motions requesting copies of his reply (DE #'s 17 & 18) are hereby denied.

SO ORDERED this 4th day of August, 2008.

Henry L. Jones, Jr.
_____
United States Magistrate Judge